**E-FILED**
Friday, 15 April, 2016  03:28:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARTHUR AARON TUCKER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16-3078 |
| | ) | |
| BRENT FISHER, et.al., | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, has filed his complaint pursuant to 42 U.S.C.§1983 claiming his constitutional rights were violated at the Adams County Jail.  Plaintiff has named seventeen Defendants including Sheriff Brent Fisher; Administrator Chad Downs; Officers Sam Smith, Laura Graham, John Robbins, Deana Tatum, Penny Mast, Finley, Venverloh, Odear, Wear, Kentzal, Boden, Abott and Hathaway; Lieutenant Williams and Nurse Jane Doe.  Plaintiff has also named an unspecified number of other Jane or John Doe Defendants as "all other correctional officers employed" by either the jail or sheriff's department. (Comp., p. 4).

The Plaintiff says all of the Defendants violated his Eighth Amendment rights when "they carelessly neglected my medical, medication needs and personal safety." (Comp, p. 7). Plaintiff then lists approximately seven different medications he said were previously prescribed

for him, but were either delayed or denied at the jail.  Plaintiff explains he has been diagnosed with schizophrenia and mood disorder as well as asthma.

There are several problems with Plaintiff's complaint.  First, inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987).  Nonetheless, it does appear the Plaintiff can proceed with a claim alleging the Defendants violated his constitutional rights when they were deliberately indifferent to his serious medical conditions by refusing to provide prescribed medications.  However, the Plaintiff has not identified the appropriate Defendants for this claim.  Not every employee at the jail or in the sheriff's department is responsible for his medications.  Instead, §1983 liability requires a Defendant's personal involvement in the alleged constitutional violation. *Munson v. Gaetz,* 673 F.3d 630, 637 (7th Cir.2012); *Burks v. Raemisch,* 555 F.3d 592, 593–94 (7th Cir.2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted).  In other words, public employees are liable only "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009).  In addition, "[i]t is well established that there is no respondeat superior (supervisor) liability under §1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir.2010).

A correctional officer would not have the authority to approve a prescribed medication.  Therefore, Plaintiff should identify the medical employees who knew about his previous prescriptions, but failed to approve them.  If Plaintiff is unsure of the specific names, he may identify them as a doctor or nurse jane or john doe, but he should state when he told them about

his prescriptions and when they denied his requests.  For instance, did the Plaintiff submit a request of medical care and speak directly to any medical personnel?

A correctional officer might be liable if he refused to process Plaintiff's requests for medical care or refused to provide medication which had been approved by jail medical staff. However, Plaintiff must provide the specific time period he asked the officer to submit a medical request which the officer did not deliver.  It is not sufficient to simply name all individuals who worked at the facility.

The Plaintiff's complaint also includes two other allegations.  Plaintiff says he warned officers there were two other inmates in the jail which were a danger to him.  Nonetheless, he was repeatedly housed near those individuals and eventually they assaulted him.  The Plaintiff is claiming the Defendants violated his constitutional rights when they failed to protect him from an inmate attack.  However, the Plaintiff has again failed to provide enough information for the Defendants to file a response.  For instance, the Plaintiff again does not state which specific Defendants he told about the two inmates and when he told them.  Plaintiff also does not state when the attack took place.

Plaintiff next alleges unspecified Defendants violated his constitutional rights based on his living conditions at the jail.  Plaintiff must identify the specific individuals he complained to about his living conditions, when this occurred, and specifically where in the jail he was located.

There is one additional problem with the Plaintiff's final two allegations.  It appears he is attempting to combine unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).  However, since the Plaintiff has not clearly stated how any Defendant was specifically involved

in any of his claims, the Court cannot determine whether he can combine these claims in one complaint.

For all of the reasons stated, Plaintiff's complaint is dismissed for violation of Rule 8 of the Federal Rules of Civil Procedure which calls for a short and plain statement of the intended claims. *See* Fed.R.Civ.P. 8. Since the Plaintiff is proceeding pro se, the Court will allow him an opportunity to file an amended complaint clarifying his allegations. For each claim, Plaintiff MUST state who specifically was directly involved and when it occurred.  For instance, for Plaintiff's claim concerning his medications, he should state which medical personnel knew about his prescriptions, but refused to provide it; what condition the medication addressed; how long it was denied; and any impact the denial had on Plaintiff.  For his claim alleging failure to protect, Plaintiff should state who he specifically told about the two inmates, when he told them and when the attack occurred.

Finally, Plaintiff has filed a motion for appointment of counsel. [5] Plaintiff has no constitutional or statutory right to the appointment of counsel in this case. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received.  Therefore, the motion is denied with leave to renew. [5]

IT IS THEREFORE ORDERED that:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) The Court will allow the Plaintiff an opportunity to file an amended complaint clarifying his claims in compliance with this order.  The Clerk of the Court is to provide the Plaintiff with a blank complaint form to assist him.

3) Plaintiff must file his amended complaint within 21 days of the date on this order.  If Plaintiff fails to file his amended complaint within 21 days or fails to follow the Court's directions in this order, his amended complaint will be dismissed.

4) The Clerk of the Court is to set an internal merit review deadline 30 days from the date on this order.

5) Plaintiff's motion for appointment of counsel is denied with leave to renew. [5]

Entered on this 15th day of April, 2016.

**/s/Harold A.  Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE